KAB

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornelius Dozier, IV, | No. CV 13-2140-PHX-DGC (LOA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Corrections Corporation of America, et al., | |
| Defendants. | |

On October 21, 2013, Plaintiff Cornelius Dozier, IV, who is confined in the Florence Correctional Center (the "FCC"), a Corrections Corporation of America ("CCA") facility in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  On November 4, 2013, the Court denied the Application to Proceed because it was incomplete and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.   On December 2, 2013, Plaintiff filed a complete Application to Proceed *In Forma Pauperis* and an Amended Complaint.  Thereafter, on December 18, 2013, Plaintiff filed a Second Amended Complaint.  Because Plaintiff filed his Second Amended Complaint prior to screening, the Court treated it as the operative Complaint and treated the original Complaint (Doc. 1) and the Amended Complaint (Doc. 8) as nonexistent.

JDDL-K

1    In a January 8, 2014 Order, the Court dismissed the Second Amended Complaint
2  because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a
3  third amended complaint that cured the deficiencies identified in the Order.

4    On January 27, 2014, Plaintiff filed his Third Amended Complaint (Doc. 14).  On
5  February 20, 2014, Plaintiff filed a Request for an Order authorizing service by the
6  United States Marshal in this case (Doc. 15).  The Court will dismiss the Third Amended
7  Complaint with leave to amend and deny the Request for an Order.

8  **I.    Statutory Screening of Prisoner Complaints**

9    The Court is required to screen complaints brought by prisoners seeking relief
10  against a governmental entity or an officer or an employee of a governmental entity.  28
11  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff
12  has raised claims that are legally frivolous or malicious, that fail to state a claim upon
13  which relief may be granted, or that seek monetary relief from a defendant who is
14  immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

15    A pleading must contain a "short and plain statement of the claim showing that the
16  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand
17  detailed factual allegations, "it demands more than an unadorned, the-defendant-
18  unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation
19  omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere
20  conclusory statements, do not suffice."  *Id.* (citation omitted).

21    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
22  claim to relief that is plausible on its face.'"  *Id.* (citation omitted).  A claim is plausible
23  "when the plaintiff pleads factual content that allows the court to draw the reasonable
24  inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).
25  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-
26  specific task that requires the reviewing court to draw on its judicial experience and
27  common sense."  *Id.* at 679 (citation omitted).  Thus, although a plaintiff's specific
28  factual allegations may be consistent with a constitutional claim, a court must assess

whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Here, Plaintiff fails to state a claim upon which relief can be granted in his Third Amended Complaint, but it appears that the Third Amended Complaint could be cured by allegations of other facts. Accordingly, Plaintiff's Third Amended Complaint will be dismissed without prejudice and Plaintiff will be given an opportunity to amend.

## II.    Third Amended Complaint

In his Third Amended Complaint, Plaintiff alleges three counts against Defendants Corrections Corporation of America and Joseph Roemmich, lead investigator at the Florence Correctional Center. In Count One, Plaintiff alleges that his Fourteenth Amendment rights were violated. In Count Two, Plaintiff alleges that his Fifth Amendment rights were violated. In Count Three, Plaintiff alleges that his Sixth Amendment rights were violated.

Plaintiff's claims in Counts One through Three are all based on the following facts, as alleged by Plaintiff. On June 12, 2013, Plaintiff sent two letters to his parents, who live in North Carolina. In August, his parents told him that both letters had been opened. At the end of August, Plaintiff sent in a Prisoner Information Request inquiring as to whether he had been flagged as a security threat. On September 4, 2013, Defendant Roemmich responded that "outgoing mail, like incoming mail, is subject to review." On September 4, 2013, Plaintiff resubmitted the Prisoner Information Request because he found the response to be unsatisfactory.

On September 6, 2013, Plaintiff sent a letter to David Michael Cantor, a defense attorney.  That letter was returned to Plaintiff with a sticky note from Defendant Roemmich informing Plaintiff that Mr. Cantor had moved offices and informing Plaintiff of the address to Mr. Cantor's new office.  On September 8, 2013, Plaintiff submitted an informal resolution stating that someone was tampering with his outgoing mail.  On September 12, 2013, Plaintiff mailed a letter marked as legal mail to Mr. Cantor's new address.  The September 12, 2013 letter was opened, photocopied, and sent to Tracy Vanbuskirk, the prosecutor in Plaintiff's criminal case.

"Corrections Corporation of America's failure to properly train its staff in the proper procedure for handling legal content resulted in the damages inflicted from the invasion of [Plaintiff's] legal mail."

Plaintiff seeks monetary damages.

**III.    Failure to State a Claim**

To state a *Bivens* claim, a plaintiff must allege that persons acting under color of federal law violated his constitutional rights.  *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  An action under *Bivens* is identical to one brought pursuant to 42 U.S.C. § 1983 except for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.  *Id.*  To state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Moreover, there is no *respondeat superior* liability under § 1983 or *Bivens*, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs. of City of New York.*, 436 U.S. 658, 691-92 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

In his Second Amended Complaint, Plaintiff identifies his claims as interference with his mail and interference with his right of access to the court.

### A.   Defendant CCA

The United States Supreme Court has declined to expand *Bivens* to include a private right of action against a private entity under contract with the federal government. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). For that reason, Plaintiff may not seek relief against CCA in an action under *Bivens*. Accordingly, Defendant CCA will be dismissed from this case with prejudice.

### B.   Right of Access to the Court

For a pretrial detainee to state a claim that his right of access to the courts for his criminal prosecution was denied, Plaintiff must allege facts demonstrating that he was deprived of any meaningful opportunity to prepare his defense. *See Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir. 1989). Here, Plaintiff does not allege facts supporting a claim that he was deprived of any meaningful opportunity to prepare his defense. Plaintiff's claims that he was denied his right of access to the court are mostly conclusory. The only *fact* Plaintiff alleges about his criminal case is that a letter that he sent to his defense attorney was copied and sent to the prosecutor in Plaintiff's criminal case. However, Plaintiff does not allege *who* sent the letter to the prosecutor in his criminal case, how the contents in the letter affected his criminal case, how he knows that the prosecutor in his criminal case was sent the letter, or any other facts showing that he was deprived of any meaningful opportunity to prepare a defense in his criminal case. Accordingly, Plaintiff has failed to state a claim based on denial of his right of access to the courts.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.    Interference with Plaintiff's Mail

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, there must be a "delicate balance" between a prisoner's First Amendment rights and the discretion given to prison administrators to govern the order and security of the prison.  *Thornburgh v. Abott*, 490 U.S. 401, 407-408 (1989).

Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve.  *Thornburgh*, 490 U.S. at 411-12.  Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved."  *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. at 413-14.

Plaintiff does not plead sufficient facts to establish that his First Amendment rights have been violated by Defendants.  Plaintiff simply claims that two letters that he sent to his parents were opened by unnamed prison authorities and that Defendant Roemmich informed Plaintiff that his outgoing mail was subject to review.  Plaintiff does not say whether or not the review of his outgoing mail was greater than necessary to protect the governmental interest in order and security of a prison or whether the limitation on his First Amendment rights was greater than necessary to protect the government interest involved.  Plaintiff fails to state whether there is a prison regulation for inspecting mail, whether such a regulation furthered a government interest, and whether the government imposition was greater than necessary.  Accordingly, Plaintiff has failed to demonstrate that the review of two letters to his parents in his outgoing mail constitutes a violation of a constitutionally protected liberty interest.

Moreover, although appropriately labeled outgoing and incoming *legal* mail is

entitled to greater protection than other mail, *see, e.g.*, *Ramos v. Lamm*, 639 F.2d 559, 582 (10th Cir. 1980), Plaintiff states no facts about who copied his legal mail, who sent it to the prosecutor, how he knows it was sent to the prosecutor and/or what effect such mailing had on his criminal case.  Accordingly, Plaintiff has failed to state a claim against any named Defendant based on the alleged copying and forwarding of his legal mail.

Based on the foregoing, Plaintiff has failed to state a claim upon which relief can be granted in his Third Amended Complaint and it will be dismissed.[1]   Moreover, because Plaintiff's Third Amended Complaint has been dismissed, Plaintiff's Motion for an Order requesting service of that complaint on Defendants (Doc. 15) will be denied.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's Third Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a Fourth Amended Complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a Fourth Amended Complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the Fourth Amended Complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Fourth Amended Complaint."  The Fourth Amended Complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or Third Amended Complaint by reference.  Plaintiff may include only one claim per count.

---

[1] Because Plaintiff has failed to state a claim against Defendant Roemmich, it is unclear whether Plaintiff has an alternative, existing process capable of protecting the constitutional interests at stake in this case, such as a claim under state tort law. However, if there is an alternative, existing process capable of protecting Plaintiff's interests, he may not sue an employee of a private entity under contract with the federal government, such as Defendant Roemmich, under *Bivens*.  *See Minneci v. Pollard*, 132 S.Ct. 617, 623 (2012).

A Fourth Amended Complaint supersedes the original Complaint and Third Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and Third Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint, first amended complaint, second amended complaint or third amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a Fourth Amended Complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.   Possible "Strike"**

Because the Third Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a Fourth Amended Complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes"

provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **E.    Possible Dismissal**

    If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

    (1)    The Third Amended Complaint (Doc. 14) is **dismissed** for failure to state a claim.   Defendant Corrections Corporation of America is **dismissed with prejudice**. Plaintiff has **30 days** from the date this Order is filed to file a Fourth Amended Complaint in compliance with this Order.

    (2)    If Plaintiff fails to file a Fourth Amended Complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

    (3)    Plaintiff's Request for an Order (Doc. 15) is **denied**.

    (4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

    Dated this 3rd day of March, 2014.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                        1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona 85003-2119 | | Tucson, Arizona 85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)                               )
               Plaintiff,          )
                               )
              vs.                  )   **CASE NO.** _____
                               )          (To be supplied by the Clerk)
(1) _____, )
(Full Name of Defendant)                          )
(2) _____, )
                               )   **CIVIL RIGHTS COMPLAINT**
(3) _____, )   **BY A PRISONER**
                               )
(4) _____, )   ☐ Original Complaint
             Defendant(s).      )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
               (Position and Title)                                     (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
               (Position and Title)                                     (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
               (Position and Title)                                     (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
               (Position and Title)                                     (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:  _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:  _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:  _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
- ☐ Basic necessities           ☐ Mail              ☐ Access to the court        ☐ Medical care
- ☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion       ☐ Retaliation
- ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                           ☐ Yes   ☐ No
   b.    Did you submit a request for administrative relief on Count I?                     ☐ Yes   ☐ No
   c.    Did you appeal your request for relief on Count I to the highest level?            ☐ Yes   ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities       ☐ Mail       ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?    ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                   DATE                                     SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.